# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| REGINALD JOSEPH HILL, II | ) |
| Plaintiff, | ) CIVIL ACTION NO. _____ |
| v. | ) NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1331 |
| MOBILE CITY COUNCIL; CITY OF MOBILE, | ) |
| Defendant. | ) FROM THE CIRCUIT COURT OF MOBILE COUNTY (02-CV-2024-901686) |

## NOTICE OF REMOVAL

Defendant City of Mobile, joined with Defendant Mobile City Council, hereby removes this action from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1331 and 1441, and states as follows:

### I. Nature of the Action.

1. On July 1, 2024, Plaintiff Reginald Joseph Hill, II ("Plaintiff") initiated the action entitled *Reginald Joseph Hill, II v. Mobile City Council, et al.*, Case No. 02-CV-2024-901686 in the Circuit Court of Mobile County, Alabama by filing an "Abuse of Power and Abuse of Process Complaint" (the "Complaint").

2. Plaintiff named as Defendants, Mobile City Council (the "Council") and City of Mobile (the "City"). As described in the Complaint, Plaintiff alleges that "[b]y means of abuse of power and abuse of process, the Plaintiff has been the victim to a plethora of rights violations, enforced and conducted by the Defendants." Plaintiff alleges against the Council and the City

numerous claims for "Breach of Contract; Slander; Fraud, Mental Anguish; Loss of Opportunity; Deprivation; Harassment; Abuse of Power; Abuse of Process."

3. On August 20, 2024, Plaintiff filed an "Amendment to Abuse of Power and Abuse of Process Complaint" (the "Amendment"), alleging additional claims of "…Defamation;…Conspiring; Targeting;…Assault; Police Brutality; Medical Malpractice; Malfeasance…."

4. A true and correct copy of the Complaint and Amendment and all other case materials are attached hereto as **Exhibit A**.

## II. Federal Question Jurisdiction

5. "A civil action filed in a state court may be removed to federal court if the claim is on 'arising under' federal law." *Beneficial Nat'l Bank V. Anderson*, 539 U.S. 1, 6 (2003). Thus, a case is removable when a complaint affirmatively alleges a federal claim. *Id.*

6. The statute governing removal of actions provides that:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

7. Even if a complaint does not specifically allege violations of federal law, if the claims appear to be federal in nature, "then the federal court must re-characterize the complaint to reflect the reality" of the essence of the claims. *See BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers,* 132 F.3d 824, 831-21 (1st Cir. 1997).

8. Plaintiff's Amendment includes a claim for "Police Brutality." A private right of action under the Fourteenth Amendment exists for claims of police officers' use of excessive force under 42 U.S.C. § 1983. *See Graham v. Connor*, 490 U.S. 386, 388 (1989).

2

9. Accordingly, this Court has federal jurisdiction over this claim pursuant to 28 U.S.C. § 1331 since the claim is brought pursuant to a federal statute that is within this Court's original jurisdiction, such that this action is properly removable to this Court pursuant to 28 U.S.C. Section 1441(b).

### III. Supplemental Jurisdiction

10. This Court can exercise supplemental jurisdiction over Plaintiff's other state law claims because the claims forms part of the same case or controversy as his claim for alleged violation of federal law. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

11. Because this Court has original jurisdiction over Plaintiff's federal claim, the Court can exercise supplemental jurisdiction over the remaining claims brought pursuant to Alabama state law.

### IV. Timeliness and Technical Requirements of Removal

12. The United States District Court for the Southern District of Alabama, Southern Division, is the federal judicial district and division embracing the Circuit Court of Mobile County, Alabama, where this suit was originally filed. Removal to this District and Division is therefore proper pursuant to 28 U.S.C. § 81(a)(3) and § 1441(a).

13. The Circuit Court's file reflects that the City of Mobile was served with the summons and complaint on July 25, 2024. Thus, this removal is timely under 28 U.S.C. § 1446(b) in that removal is sought within 30 days from the date of service of the summons.

14. Defendant Mobile City Council consents to the removal. *See* **Exhibit B**.

15. Written notice of the filing of this Notice of Removal has been given to the Plaintiff and a copy is concurrently being filed the Clerk of the Circuit Court of Mobile County, Alabama, in accordance with the provisions of 28 U.S.C. § 1446(d).

16. The proper filing fee has been tendered to the Clerk of the United States District Court for the Southern District of Alabama, Southern Division.

17. The City reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

## V.   Relief Requested

WHEREFORE, Defendants desiring to remove this case to the United States District Court for the Southern District of Alabama, Southern Division, being the said district of said Court for the County in which the action is pending, pray that this Court will make any and all orders necessary to effect the removal of this cause, and to effect and prepare in this Court the true record of all proceedings that may have been had in the Circuit Court of Mobile, Alabama.

Respectfully submitted this 26th day of August, 2024.

        Respectfully submitted,

        */s/ Emma P. Goodloe*
        Ricardo A. Woods        (WOODR1019)
        Catherine Simon Spann
        Emma P. Goodloe        (GOO064)
        ***Attorney for City of Mobile***

**OF COUNSEL:**
BURR & FORMAN LLP
Post Office Box 2287
Mobile, Alabama  36652-2287
Telephone: (251) 344-5151
Facsimile: (251) 344-9696
rwoods@burr.com
cspann@burr.com
egoodloe@burr.com

**CERTIFICATE OF SERVICE**

       I hereby certify that I have served a copy of the foregoing document upon counsel of record herein via CM/ECF and/or via email or U.S. Mail to the parties on this the 26th day of August, 2024, as follows:

Reginald Joseph Hill, II
Plaintiff
P.O. Box 395
Mobile, AL 36601
Rhills4tf@gmail.com

                                                */s/ Emma P. Goodloe*
                                                Emma P. Goodloe