# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| REGINALD JOSEPH HILL, II, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *   CIVIL ACTION NO. 24-00306-KD-B |
| | * |
| MOBILE CITY COUNCIL, *et al.*, | * |
| | * |
|     Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on Defendants' joint motion to dismiss (Doc. 3). Upon review, the Court finds that it cannot properly evaluate Plaintiff's claims because Plaintiff's amended complaint is an egregious shotgun pleading. Therefore, the undersigned recommends, for the reasons stated herein, that the motion to dismiss be **DENIED without prejudice as moot**, that the amended complaint be **DISMISSED without prejudice** as a shotgun pleading, and that Plaintiff be granted leave to file a second amended complaint that is not a shotgun pleading.

### I. BACKGROUND

On July 1, 2024, Plaintiff Reginald Joseph Hill, II ("Hill") commenced this action by filing a complaint in the Circuit Court of Mobile County, Alabama. (Doc. 1-1 at 5-8). Hill filed an

amended complaint on August 20, 2024, which is now his operative pleading.  (Id. at 51-54).[1]

Hill's amended complaint names as Defendants the Mobile City Council and the City of Mobile.  (Id. at 51).  Hill asserts that "[a]ll of the acts and/or failures to act claimed herein were duly performed by and/or are attributable to the above listed Defendants, both individually or acting collectively." (Id.).[2]

In the "Facts" section of the amended complaint, Hill alleges:

> By means of Abuse of Power and Abuse of Process, the Plaintiff has been the victim to a plethora of (targeted/intentional/conspired) rights violations, enforced and conducted by the Defendants.
>
> Such examples (to be filed in detail through future Notice of Adjudicative Facts and Notice of Intent) include, but are not limited to: illegally withholding local funds; discriminately withholding federal funds (designated for specific local use) through access prevention; unlawfully inserting one's name in formal communications made via U.S. Postage or email, while using an Official Letterhead (City Seal, or adopted emblem); weaponized use of Law Enforcement Officers for direct targeting purposes; etc. (too be included say necessary).
>
> On July 24, 2024 via a LETTER TO THE JUDGE, potential increase of relief was introduced (by the Plaintiff), contingent upon the [timely] actions of the City of Mobile Office of Professional Responsibility.

---

[1] Hill's initial complaint was titled: "Abuse of Power and Abuse of Process Complaint." (Doc. 1-1 at 5).  Hill's amended complaint is titled: "Amendment to Abuse of Power and Abuse of Process Complaint." (Id. at 51).

[2] Unless otherwise indicated, quoted language from Hill's *pro se* filings is reproduced herein without modification or correction for typographical, grammar, or spelling errors.

(Id. at 52 (emphasis in original)).

Hill describes his "Claims for Relief" as follows:

As with those details (related to the Facts) mentioned above, specific connection (Case relevance) to the Claims in this Subtitle shall be included in the (to be filed) Notice of Adjudicative Facts and Notice of Intent. Basis for this complaint is (primarily) derived from Ala. Code § 6-2-33(1); 6-2-34(9); 6-2-38(k, l); 6-5-100; 6-5-101; 6-5-104; 6-5-170; 6-5-182, 6-5-185; 6-5-260; 6-5-262; 11-44C-31; 11-44C-37; 11-44C-37(5); 11-44C-52; and others that may arise throughout the duration of this legal proceeding {**have** now unfortunately – i.e. Sec. 62-1 of the Mobile City Code; Alabama State Legislature HB289; Code of Alabama (1975) § 36-21-212(c)(1); etc.}.

(Id. at 52-53 (emphasis in original)).

Under the heading "Due Relief," Hill states:

To be itemized in detail, through forthcoming Notice of Intent, the following compensatory damages totaling $2,200,000.00 is applicable for the claimed: Breach of Contract; Slander; Defamation; Fraud; Conspiring; Targeting; Mental Anguish; Loss of Opportunity; Deprivation; Harassment; Assault; Police Brutality; Medical Malpractice; Malfeasance; Abuse of Power; Abuse of Process, and other charges against the defense that shall be identified in the future of this case.

(Id. at 53).

Hill concludes:

Therefore, based on the relevance articulated in this Complaint and also stipulated in *The Code of Alabama 1975; The Alabama Rules of Civil Procedure and the United States Constitution* – For the foregoing reasons, The Court should grant the relief requested by the Plaintiff, approve security in the amount deemed most appropriate by The Court; provide the Plaintiff with an opportunity to conduct expedited discovery (especially through means of subpoena), approve a trial by Jury and order such further relief as this Court sees fit.

(Id. at 53-54 (emphasis in original)).

This action was removed to this Court on August 26, 2024. (Doc. 1). On August 30, 2024, Defendants Mobile City Council and City of Mobile (collectively, "Defendants") filed a joint motion to dismiss Hill's amended complaint. (Doc. 3). In the motion, Defendants argue that Hill "fails to advance any allegations connecting" them to any of the "purported wrongdoings" listed in the amended complaint, and that the amended complaint therefore "fails to state a claim upon which relief can be granted and should be dismissed in its entirety." (Id. at 5). Alternatively, Defendants assert that Hill "should be required to provide a more definite statement in accordance with Rule 12(e) of the Federal Rules of Civil Procedure." (Id.).

## II. DISCUSSION

Having reviewed Hill's amended complaint *sua sponte*, the undersigned finds that it is an egregious shotgun pleading, and that the Court cannot adequately address the merits of Hill's claims or Defendants' arguments for dismissal until Hill has cured his pleading deficiencies.

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation omitted). Each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Relatedly, Rule 10(b) of the Federal Rules of Civil Procedure mandates that a complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count" to the extent doing so "would promote clarity." Fed. R. Civ. P. 10(b).

These rules "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that a] court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted[.]" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted).

Complaints that violate these rules are "disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four broad types or categories of

5

shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1321-23. The unifying characteristic of all shotgun pleadings is that they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

When presented with a shotgun pleading, "the trial court, whether or not requested to do so by the party's adversary, ought to require the party to file a repleader." U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006). "In the repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018). "[I]f the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his

pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.'" Id. at 1295 (citation omitted).

Hill's amended complaint is a textbook shotgun pleading that fails to provide adequate notice of his claims and factual grounds upon which those claims rest. The amended complaint falls into the second shotgun pleading category identified in Weiland because it contains only vague and conclusory allegations that are not obviously connected to any particular cause of action or claim for relief. Hill purports to provide "examples" of "right violations," but his allegations are devoid of factual context or details and are therefore insufficient to provide adequate notice of the underlying factual basis for any of his claims or to state a claim upon which relief can be granted.

Moreover, Hill's amended complaint violates the requirement that allegations in a complaint "must be simple, concise, and *direct*." See Fed. R. Civ. P. 8(d)(1) (emphasis added). Rather than stating his allegations plainly and describing specific facts or events, Hill suggests that "examples" and "details" of wrongdoing will be included in a "(to be filed) Notice of Adjudicative Facts and Notice of Intent." (See Doc. 1-1 at 52-53). This manner of pleading is entirely improper because it fails to provide notice of what Hill is claiming. Hill is hereby advised that the Court cannot grant him relief on a claim that he does not

7

actually plead in his complaint, nor can it consider an "unpled factual basis for [his] claims." See Hom v. Transunion, LLC, 2024 U.S. Dist. LEXIS 86464, at *4, 2024 WL 2258320, at *2 (S.D. Fla. May 14, 2024).

Additionally, Hill's amended complaint falls into the third shotgun pleading category and violates Rule 10(b) because it fails to make clear what causes of action Hill is asserting and does not separate his claims for relief or causes of action into different counts with the pertinent facts supporting each claim. See Fed. R. Civ. P. 10(b); Weiland, 792 F.3d at 1322-23 ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief."). Hill lists numerous statutory provisions and suggests that he is bringing a multiplicity of claims, but he fails to explain how any of the listed provisions apply to this case and fails to provide any non-conclusory factual support for his putative claims. Hill further fails to separate each cause of action or claim for relief into a different count as required and fails to specify which factual allegations are intended to support each of his ill-defined claims for relief.

Finally, the amended complaint falls into the fourth shotgun pleading category because Hill's claims are apparently asserted against both Defendants, but Hill does not specify what each

8

Defendant did or failed to do to make that Defendant liable under each cause of action alleged.

To be sure, the Court must liberally construe Hill's *pro se* pleadings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, it cannot act as counsel for Hill or rewrite his otherwise deficient pleading in order to sustain this action. See Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014). As a *pro se* litigant, Hill is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). And even under the most liberal construction possible, Hill's amended complaint cannot be construed as anything other than an impermissible shotgun pleading.

The undersigned finds that the pleading issues described above frustrate the Court's ability to determine exactly what claims Hill is making against each Defendant and whether Hill can state a claim upon which relief can be granted. In light of the obvious shotgun nature of Hill's amended state court complaint, the Court finds that dismissal for failure to state a claim is inappropriate at this time. Specifically, the Court finds that Defendants' motion to dismiss should be denied without prejudice to reassert the arguments therein, because the amended complaint is due to be dismissed *sua sponte* as an impermissible shotgun pleading. See Bonczyk v. Levene, 2020 U.S. Dist. LEXIS 182516, at

9

*4, 2020 WL 5803057, at *2 (M.D. Fla. May 6, 2020) (finding *sua sponte* that the complaint was a shotgun pleading that made it extremely difficult to understand the claims asserted against Defendants or make sense of the pending motions to dismiss and responses thereto, and denying the motions to dismiss as moot, dismissing the complaint without prejudice, and directing plaintiff to file an amended complaint in compliance with Rules 8 and 10); Boardwalk Fresh Burgers & Fries, Inc. v. Wang, 2020 U.S. Dist. LEXIS 258848, at *5, 2020 WL 10319160, at *2 (M.D. Fla. Nov. 9, 2020) (denying motion to dismiss without prejudice, *sua sponte* dismissing complaint as a shotgun pleading, and granting leave to file amended complaint that was not a shotgun pleading); Myers v. Countrywide Home Loans, 2010 U.S. Dist. LEXIS 156277, at *5, 2010 WL 11647455, at *2 (N.D. Ga. May 26, 2010) (*sua sponte* striking complaint as a shotgun pleading, directing plaintiff to file an amended complaint that complies with Rules 8(a) and 10(b), and recommending that defendant's motion to dismiss be denied as moot), report and recommendation adopted, 2010 U.S. Dist. LEXIS 156279, 2010 WL 11647457 (N.D. Ga. Sept. 2, 2010).

### III. CONCLUSION

Accordingly, the undersigned recommends that Defendants' joint motion to dismiss (Doc. 3) be **DENIED without prejudice as moot**, that Hill's amended complaint (Doc. 1-1 at 51-54) be **DISMISSED without prejudice**, and that Hill be **GRANTED LEAVE** to

file a second amended complaint that complies with Rules 8 and 10 by presenting his claims for relief with sufficient clarity to permit Defendants and the Court to clearly identify each claim being raised against each Defendant <u>and</u> the factual basis for each claim raised against each Defendant.

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation

where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **4th** day of **September, 2024.**

                                          **/S/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**