**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| REGINALD JOSEPH HILL, II, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NO. 24-0306-KD-B |
| vs. | * | |
| | * | |
| MOBILE CITY COUNCIL, *ET AL.*, | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

This action is before the Court[1] on Defendants City of Mobile and Mobile City Council's joint motion to dismiss Plaintiff Reginald Joseph Hill, II's second amended complaint, Plaintiff Hill's response, and Defendants' reply. (Docs. 10, 15, 16). The motion has been fully briefed and is ripe for resolution. Upon consideration of all matters presented, the undersigned recommends, for the reasons stated herein, that Defendants' motion (Doc. 10) be granted, and that Plaintiff Hill's complaint be dismissed with prejudice.

## I. PROCEDURAL HISTORY

On July 1, 2024, Hill, proceeding *pro se*, commenced this action by filing a complaint in the Circuit Court of Mobile County, Alabama, against the Mobile City Council and the City of Mobile.

---

[1] The motion has been referred to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1).

(Doc. 1-1 at 5-8). While this case was pending in state court, Hill filed an amended complaint, and subsequent thereto, Defendants removed the action to this Court, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. 1, Doc. 1-1 at 5-8, 51-54).

Following removal, Defendants filed a joint motion to dismiss and argued that Hill's amended complaint contained pleading deficiencies because it lacked factual allegations connecting Defendants to any of the "purported wrongdoing" such that the complaint should be dismissed for failure to state a claim upon which relief could be granted. (Doc. 3). Defendants further asserted that Hill should be required to provide a more definite statement in accordance with Fed. R. Civ. P. 12(e). (Id.)

Upon review, the undersigned entered a Report and Recommendation ("R&R") finding that Hill's amended complaint constituted an egregious shotgun pleading as it contained vague and conclusory allegations that were not connected to any particular cause of action or claim for relief. (Doc. 4). Thus, Hill failed to provide adequate notice of his claims and the factual grounds upon which his claims were based. (Id. at 7). The undersigned further noted that Hill did not separate his claims for relief or causes of action into different counts or include the pertinent facts supporting each claim as required by Fed. R. Civ. P. 10(b). (Id. at 10). Instead, Hill lumped his

claims together such that he did not specify what each Defendant did or failed to do to make them liable under each cause of action alleged.  The undersigned thus recommended that Hill's complaint be dismissed without prejudice as a shotgun pleading and that he be afforded an opportunity to file an amended complaint in compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure. (Id. at 9-10).

United States District Judge Kristi K. DuBose adopted the R&R as the opinion of the Court and granted Hill leave "to file a second amended complaint . . . that cure[d] the pleading deficiencies identified in the Report and Recommendation." (Doc. 5).  Hill timely filed his second amended complaint, which is titled "Abuse of Power and Abuse of Process Complaint" and is now his operative pleading. (Doc. 8).  He also filed a document titled "Notice of Adjudicative Facts" with exhibits thereto. (Doc. 9).  Per Hill, "[i]t is the intent of the Plaintiff [through this filing] to offer the first example displaying Abuse of Power and Abuse of Process by the Defendants, stemmed from irregular practices demonstrated by the Mobile Police Department and further obliged by the Mobile Municipal Court (i.e. Judge S. Hall)." (Id. at 1).[2]

---

[2]  Unless otherwise indicated, quoted language from Plaintiff's *pro se* filings is reproduced herein without modification or correction for typographical, grammar, or spelling errors;

## II.  **DISCUSSION**

### A. Hill's Operative Complaint

Hill's second amended complaint consists of five paragraphs that contain his statement of facts, a section entitled "Applicability" that lists various provisions of the Code of Alabama, a section entitled "legal claims" that purports to list sixteen causes of action along with the purported related factual paragraphs, and a prayer for relief that seeks compensatory damages totaling $2,200,000.00, to be paid to "the 501(c)3 nonprofit organization "Success 4 the Future" Charity Foundation 4 Kids Ages 3-18, Incorporated" (hereinafter referenced as "Success 4 the Future Charity Foundation"). (Doc. 8).

In Hill's statement of facts labeled as paragraphs 6-7, he asserts that he has "[b]y means of Abuse of Power and Abuse of Process" been victim to a plethora of "(targeted/intentional/conspired) rights violations, enforced and conducted by Defendants", that during the Covid Pandemic, the Mobile City Council, by unanimous consent, on March 23, 2021, approved an appropriation for Success 4 the Future Charity Foundation, that he serves as the Founder/Executive Director of

---

ellipses, and words in brackets and in parentheses, are in Plaintiff's filings and are not inserted by the Court.

the Foundation, and that the City has withheld crucial necessary funding. (Id. at 2).   In Paragraph 8, which is labeled "Discriminately Withholding Federal Funds, Hill asserts that after the 2021 incident, the City (via Anitra Henderson) made an announcement seeking proposals for organizations to receive resources allocated under the American Rescue Plan. (Id. at 3). Hill contends that Success 4 the Future Charity Foundation was the only organization to submit the required materials, that the deadline was extended, and that Success 4 the Future Charity Foundation submitted another application, which "presented the most applicable qualification for said funding"; however, Success 4 the Future Charity Foundation did not receive any of the funds that were awarded in the Spring of 2022.  Hill also contends that he has applied for multiple federally funded programs through the City of Mobile Community and Housing Development Department for years, but he has been denied. (Id. at 3).

In paragraph 9, which is labeled "Unlawful Use of Formal Communications", Hill alleges that since 2021, a City of Mobile Municipal Ordinance (Section 2-62) has been manipulated to target specific citizens, especially those who publicly raise concerns regarding the use of taxpayer funds. (Doc. 8 at 3).  According to Hill, the ordinance has been used to limit the topics for discussions to fit a "preordained narrative" desired by City Officials and has resulted in threats of suspensions and removal

from meetings of the Mobile City Council. (Doc. 8 at 3-4).  Hill contends that "other Citizens" have been given baseless letters in connection with him and/or his presentation.  Hill further contends that on April 2, 2024, he was unlawfully ejected from a regular meeting of the City Council, and that on August 27, 2024, the "then" Mobile City Council Attorney "banned him from the 9th Floor (South Tower) of the Mobile Government Plaza." (Id. at 4).

In paragraph 10, labeled as "Weaponized Law Enforcement", Hill contends that he was issued an unlawful traffic citation on November 28, 2018, for improper vehicle headlights even though he was in compliance with Ala. Code Section 32-5-240, which sets the conditions for use of headlights. (Doc. 8 at 4-5).  Hill also details his alleged dealing with the Mobile Municipal Court regarding the citation. (Id.).  Hill further contends that he was the victim of police brutality on July 19, 2024. (Id. at 5-6).  According to Hill, he was tased and unlawfully detained by Officer Kriss, who he contends practiced medicine without a license by removing taser prongs from him.  Hill contends this was a "heinous demonstration of POLICE Brutality, through a targeted effort on behalf of certain individuals with the Defendant City". (Id. at 6).  Hill also asserts that the City of Mobile offered him a plea deal to remove all charges except those pertaining to the November 28, 2018, incident. (Id.).  Finally, Hill alleges that Defendants had him unlawfully escorted out of a regular meeting of the Mobile

6

City Council on April 2, 2024, for allegedly being disruptive. Id.).

Paragraph 11 of Hill's second amended complaint is labeled "Applicability" and includes a listing, in bullet format, of seventeen Alabama Code provisions. (Id. at 6-7). Some of the Code sections concern causes of actions (see e.g., Doc. 8 at 6), some of the Code sections concern statutes of limitations (see e.g., id.) and some concern mayoral duties and responsibilities. (see e.g., Id. at 7).

The next section in Hill's amended complaint is labeled "Legal Claims" and next to each legal claim, Hill lists the factual paragraph(s) to which he contends the claims relate. (Id. at 7-8). Specifically, Hill asserts as follows:

Breach of Contract: Item 7.

Slander: Items 9-10.

Defamation: Items 9-10;

Fraud: Items 7-10;

Conspiring: Items 7-10;

Targeting: Items 7-10;

Mental Anguish: Items 7-10;

Loss of Opportunity: Items 7-10;

Deprivation: Items 7-10;

Harassment: Items 9-10;

Assault: Item 10;

Police Brutality: Item 10;

Medical Malpractice: Item 10;

Malfeasance: Item 10;

Abuse of Power: Items 7-10); and

Abuse of Process: Items 7-10. (Id.).

Hill indicates that each of his claims are supported by his factual allegations and by documents already filed with the Court. (Id.).

**B. Defendants' Motion to Dismiss and Hill's Response.**

Similar to their first motion to dismiss, Defendants' current motion seeks the dismissal of Hill's second amended complaint based on alleged pleading and legal deficiencies. (Doc. 10). Specifically, Defendants assert that Hill's second amended complaint remains a shotgun pleading "because it contains only vague and conclusory allegations that are irrelevant and unsupportive of the causes of action asserted," (id. at 5) and "because it fails to distinguish the alleged actionable conduct of the two separate Defendants and what each defendant did or did not do to make it liable under each of the 'Legal Claims.' " (Id. at 7). In addition to the shotgun pleading issues, Defendants assert that Hill's sixteen causes of action should be dismissed for failure to state a claim upon which relief can be granted. (Id. at 9-17).

Much like his second amended complaint, Hill's response in opposition to Defendants' motion (Doc. 15) is not the model of clarity and does little to address the deficiencies raised in the motion. In fact, the first five pages of Hill's nine-page response is devoted to matters wholly unrelated to this litigation.[3] (Id. at 1-5). Additionally, Hill asserts that Defendants are attempting to "bamboozle" the Court, and asserts that he did not read Defendants' motion beyond the first mention therein of "shotgun pleadings":

> The Plaintiff must directly inform This Court....after reading the first indication of a "shotgun pleading" (in the aforementioned move for dismissal) filed by the Defendants, the undersigned Counsel politely folded the defense document and placed it back in the envelope it was delivered in....as it would be an extreme waste of time to even entertain such foolishness from the defense, beyond that point!

(Id. at 2) (ellipses in the original). Hill goes on to assert that his second amended complaint cured the previous shotgun deficiencies, and it appears that Hill is relying on his filings labeled as "Notice of Adjudicative Facts" in support of his

---

[3] For example, Hill asserts that "Thanks to the Paul Prine case, we find that the Public Safety Director for the City of Mobile resides in Baldwin County. This should be a conflict of interest in itself. Even more interesting, that specific City in Baldwin County has a Chief of Police who is the blood brother of the City of Mobile Chief of Staff." (Id. at 4). Given that neither the Public Safety Director for the City of Mobile nor the Chief of Staff for the City of Mobile are named as defendants in this action, it is not clear why their purported places of residency are in any way relevant to the issues in this action.

assertion. (Id. at 5).  Hill further seems to suggest that each of his claims are asserted against both the City and the City Council unless stated otherwise.  According to Hill:

> Now, had the Plaintiff chosen to make claims against individuals directly, it would have been more of a need to produce further distinction in those direct actions. However, because the Complaint is a reflection of collective procedures, each count is based on the whole of the unique instances…unless identified as Defendant Council or Defendant City.

(Id. at 6).

In their reply, Defendants assert that Hill's response does not rebut their assertion that his operative pleading still falls within the second and fourth categories of an improper shotgun pleading and that Hill "failed to substantively respond to Defendants' argument for dismissal beyond a simple denial." (Doc. 16 at 4).  With respect to the "Notice of Adjudicative Facts" documents filed by Hill, Defendants assert that the legal standard for ruling on a motion to dismiss requires the court to limit its review to the four corners of the complaint. (Id.) (citing, inter alia, Hayes v. U.S. Bank Nat. Ass'n, 648 F. App'x 883, 887 (11th Cir. 2016)).

**C. Standard of Review**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"

Bell Alt. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). In addition, "Rule 10 of the Federal Rules of Civil Procedure requires that each claim be separated into separate counts and supported by distinct factual allegations." Bagley v. City of Tampa, 2007 WL 9723949, at *1 (M.D. Fla. Sept. 19, 2007) (citing Fed. R. Civ. P. 10(b)). Although a court must accept as true well pleaded allegations, it is not bound to accept a legal conclusion couched as a factual allegation. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Twombly, 550 U.S. at 555).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.' " Weiland v. Palm Beach Cty. Sheriff's Office, 792 F. 3d 1313, 1320 (llth Cir. 2015). Shotgun pleadings generally present in one of four ways: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate "into a different count each cause of action or claim for relief"; and (4) complaints containing "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts

or omissions, or which of the defendants the claim is brought against." (Id. at 1321-23). Each of these types of pleadings fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." (Id. at 1323).

When presented with a shotgun pleading, "the trial court, whether or not requested to do so by the party's adversary, ought to require the party to file a repleader." U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006). "[I]f the plaintiff fails to comply with the court's order – by filing a repleader with the same deficiency – the court should strike his pleading or depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.' " Vibe Micro, Inc. v. Shabanets, 878 F. 3d 1291, 1295 (11th Cir. 2018) (citation omitted).

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 556 U.S. 662. See also Gilmore v. Hodges, 738 F.3d 266, 281 (11th Cir. 2013) ("[L]iberal construction is not the same thing as wholesale redrafting."). *Pro se* parties must comply with the minimum pleading standards set forth in the Federal Rules of Civil Procedure and the Local Rules. Nawab v. LVNV Funding LLC, 2012 WL

12918283, at *1, 2012 U.S. Dist. LEXIS 190401, at *3 (M.D. Fla. Nov. 19, 2012*); see also* <u>Arrington v. Green</u>, 757 F. App'x 796, 797 (llth Cir. 2018) ("We construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys. Nevertheless, we 'have little tolerance for shotgun pleadings.' " (citing <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (llth Cir. 2003) and quoting <u>Vibe Micro</u>, 878 F.3d at 1295).

**D. Analysis**

Upon consideration of Hill's second amended complaint, the undersigned finds that while Hill made some revisions to his second amended complaint, it still suffers from many of the deficiencies identified in the Court's Order dated September 4, 2024 (doc. 4) and as a result, constitutes an improper shotgun pleading. First, the amended complaint is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. For instance, in factual paragraph 7, Hill alleges that the Defendant City of Mobile voted to provide funds to "Success 4 Future Charity Foundation" and failed to do so, and then, in another section of the amended complaint, Hill lists breach of contract, fraud, conspiring, targeting, mental anguish, loss of opportunity, deprivation, malfeasance, abuse of power, and abuse of process as the claims that correspond to these particular factual assertions. (Doc. 8 at 2, 7). Not only are Hill's assertions vague and conclusory, but they do not place Defendants

13

on notice of how their actions or inactions harmed Hill or how the factual allegations relate in any way to his purported causes of actions. As such, the factual allegations fall within the second category of improper shotgun pleading. _Weiland_, 792 F.3d at 1320 (prohibiting vague and conclusory allegations that are not obviously connected to any particular cause of action or claim for relief).

As noted _supra,_ at paragraph 8, Hill alleges discrimination in connection with the withholding of federal funds; however, aside from his conclusory assertions about various applications for federal funds, his allegations once again fall within the second category of improper shotgun pleading because they do not place Defendants on notice of how their actions or inactions harmed Hill or how the factual allegations relate in any way to his purported causes of actions. (Doc. 8 at 3). Hill's assertions also violate Fed. R. Civ. P. 10's requirement that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practical to a single set of circumstances . . . each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . Fed. R. Civ. P. Rule 10(b). Here, Hill appears to be attempting to improperly lump together different claims regarding different funding applications spanning over the course of several years.

Paragraph 9 also constitutes an improper shotgun pleading as Hill makes vague and conclusory allegations about letters that reference him, about being unlawfully ejected from a city council meeting in April 2024 and about being barred from going on the 9th floor in the Mobile Government Plaza in August 2024. (Id. at 3-4).  Although Hill lumps together various causes of action (e.g. slander, defamation, harassment) that purportedly arise from these factual allegations, Defendants are left to guess and speculate as to the actions each Defendant is alleged to have taken or failed to have taken with respect to the incidents as well as how the factual assertions relate to the various asserted causes of action that Hill has lumped together.

The same holds true with respect to Hill's allegations about being issued an unlawful traffic citation in 2018 and being tased by Officer Kriss in July 2024. (Id. at 4-6).  These allegations are vague and conclusory, and they are devoid of facts that allege how each Defendant, as opposed to Officer Kriss and others, harmed Hill.  Nor is it clear how the factual allegations are connected to the various causes of action (e.g. slander, defamation, fraud, conspiring, targeting, mental anguish, loss of opportunity, deprivation, harassment, assault, police brutality, medical malpractice, abuse of power, and abuse of process) that Hill has lumped together.  See Veltmann v. Walpole Pharmacy, Inc., 958 F. Supp. 1161, 1164 (M.D. Fla. 1996) (finding dismissal

appropriate when a plaintiff's complaint made general allegations against all named defendants, making it "virtually impossible to ascertain . . . which defendant committed which alleged act.").

In addition to being a shotgun pleading, Hill's complaint is also subject to dismissal because Hill's claims fail to adequately state a claim on which relief can be granted.  For example, Hill alleges slander and defamation, yet he has not identified any statements, oral or written, that mentioned him unfavorably nor does he allege any facts that connect Defendants to any such statements.  Hill also alleges breach of contract, yet his amended complaint is devoid of any facts that suggest that he was a party to a contract with any of the Defendants. See Shaffer v. Regions Fin. Corp., 29 So.3d 872, 880 (Ala. 2009) ("The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; the defendant's nonperformance; and (4) resulting damages.") (internal quotations and citation omitted).  He likewise alleges assault and police brutality; however, he has failed to offer any facts that suggest conduct on behalf of either Defendant which would support such claims. See Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 403 (1997) (As a general rule, a municipality cannot be held vicariously liable for the actions of its employees under 42 U.S.C. § 1983); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L.Ed.

16

2d 611 (1978) (A municipality incurs liability only when the execution of its policy or custom constitutes the "moving force" that inflicts injury upon an individual in violation of her constitutional rights.)

In sum, Hill's listing of sixteen causes of action along with vague, conclusory and incomplete factual allegations fail to state a claim upon which relief can be granted. Interestingly, following the listing of his sixteen causes of action, Hill asserts that: "Each of these items are supported by above sentiment articulated; Item 11; Documents already filed pertaining to This Case; and future Pleadings/Testimony/Discovery; and existing court cases in relation to the holistic Complaint..." (Doc. 8 at 8) (bold removed). As the undersigned previously informed Hill, "[t]his manner of pleading is entirely improper because it fails to provide notice of what Hill is claiming. Hill is hereby advised that the Court cannot grant him relief on a claim that he does not actually plead in his complaint, nor can it consider an 'unpled factual basis for [his] claims.' See Hom v. Transunion, LLC, 2024 U.S. Dist. LEXIS 86464, at *4, 2024 WL 2258320, at *2 (S.D. Fla. May 14, 2024)." (Doc. 4 at 7-8). Vague references to unidentified "Documents already filed pertaining to this Case", "future Pleadings/Testimony/Discovery", and unidentified "existing court cases in relation to the holistic Complaint" (whatever that means) does not comply with the pleading requirements of Rules 8 and 10.

Thus, despite the re-packaging, Hill has failed to correct the pleading deficiencies outlined in the Court's Order dated September 4, 2024. (Doc. 4). Hill's *pro se* status notwithstanding, the undersigned cannot re-write his operative pleading for him to make it legally sufficient and bring it within the guardrails of Rules 8 and 10.

### III.  CONCLUSION

Upon review of Hill's second amended complaint, the undersigned finds that, despite the fact that Hill has reconfigured parts of his pleading and added details, this complaint, like its predecessors, violates the pleading requirements of Rules 8 and 10, constitutes a prohibited shotgun pleading, and fails to state a claim upon which relief can be granted. Accordingly, the undersigned **RECOMMENDS** that Defendants' motion to dismiss (Doc. 10) be **GRANTED**, and that Plaintiff's claims be **DISMISSED WITH PREJUDICE**.[4]

---

[4] Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint. See Sifford v. Ford, 701 F. App'x 794, 796 (11th Cir. 2017). Hill has been given that opportunity here, but he has not rectified the pleading deficiencies. Accordingly, the undersigned recommends that the matter be dismissed without further opportunity to replead. See Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358-59 (11th Cir. 2018) (a district court does not abuse its discretion in dismissing with prejudice a shotgun pleading if the plaintiff is given an opportunity to first remedy the defects and fails to do so).

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by

reference or refers to the briefing done by the Magistrate Judge
is not specific.

     **DONE** this **29th** day of **August, 2025.**

                            **/s/ SONJA F. BIVINS**
                        **UNITED STATES MAGISTRATE JUDGE**