IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **REGINALD J. HILL II,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )   Civil Action No. 24-00306-KD-B |
| | ) |
| **MOBILE CITY COUNCIL and** | ) |
| **CITY OF MOBILE,** | ) |
| | ) |
|     **Defendants** | ) |

## ORDER

This action is before the Court on the Motion to Tax Costs filed by Defendants Mobile City Council and City of Mobile (doc. 22), Bill of Costs (doc. 22-2), and receipt in support (doc. 22-1).

I. Background

Plaintiff Hill, proceeding pro se, filed an "Abuse of Power and Abuse of Process Complaint" in the Circuit Court of Mobile County, Alabama, against the Mobile City Council and the City of Mobile. While the action was pending, Hill filed an "Amendment to Abuse of Power and Abuse of Process Complaint" (doc. 1-1, p. 46). Hill alleged that he had "been the victim to a plethora of (targeted/intentional/conspired) rights violations, enforced and conducted by the Defendants" (Id., p. 47). He sought compensatory damages for "Breach of Contract; Slander; Defamation; Fraud; Conspiring; Targeting; Mental Anguish; Loss of Opportunity; Deprivation; Harassment; Assault; Police Brutality; Medical Malpractice; Malfeasance; Abuse of Power; Abuse of Process; and other charges against the defense that shall be identified in the future of this case." (Id., p. 48).

Asserting federal question jurisdiction, Defendants removed the action to this Court. Defendants moved to dismiss the Amended Complaint, but Hill was allowed to file a Second Amended Complaint to cure deficiencies in the Amended Complaint. Defendants then moved to dismiss the Second Amended Complaint.

The Magistrate Judge entered a Report and Recommendation that the motion to dismiss should be granted. Hill's Second Amended Complaint was still deficient. Hill now listed sixteen causes of action and made vague, conclusory, and incomplete factual allegations in support. He also failed to separate the causes of action and separately allege the facts which support the causes of action. Also, as to several claims, Hill failed to adequately state a claim because he did not allege any facts which could support the claim. The Magistrate Judge explained that the Second Amended Complaint did not comply with the Federal Rules of Civil Procedure and did not provide sufficient notice to the Defendants as to the facts and claims asserted against them.

The Court adopted the Report and Recommendation and the action was dismissed. Now, Defendants, as the prevailing parties, move the Court pursuant to Rule 54(d) of the Federal Rules of Civil Procedure to tax costs against Hill. Specifically, the filing fee for removal from the Circuit Court of Mobile County.

II. Analysis

Defendants argue that because they are the prevailing parties, the Court may tax the fees of the Clerk, including the filing fee for removal, as costs pursuant to 28 U.S.C. § 1920(1). In support, Defendants provide a copy of the filing fee receipt for $405.00 that was paid to the Court and their Bill of Costs signed under penalty of perjury wherein Defendants verify that the cost was necessarily incurred in this action.

To date, Hill has not responded to the motion or objected to the Bill of Costs.  See S.D. Ala. Civ. LR 54(a)(3) ("Any party opposing taxation of costs must file its objections within fourteen (14) days of service of the bill of costs.").  Therefore, Hill has not shown that this cost is not taxable.

Fees of the Clerk are a cost which may be allowed to the prevailing party.  Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920(1).  And the removal filing fee is considered a fee of the Clerk which may be taxed. Gonzalez v. City of Hialeah, 760 Fed. Appx. 840, 842 (11th Cir. 2019) (affirming the district court's award of costs for the removal filing fee to the City of Hialeah, as the prevailing party); Espinoza v. Target Corp., No. 9:19-CV-81108, 2021 WL 3550780, at *4 (S.D. Fla. Aug. 11, 2021) ("The Eleventh Circuit Court of Appeals has held that it is within the discretion of the district court to award defendants the cost of the filing fee incurred upon removal to federal court.") (citing Gonzalez, 760 Fed. Appx. at 842).

III.  Conclusion

For the reasons set forth herein, Defendants' motion is granted and costs are taxed against Plaintiff Reginald Hill II in the amount of $405.00.

**DONE** and **ORDERED** this 12th day of December 2025.

> s / Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**